## Kohler *v.* Thorn.    Muller's Appeal.

*Attachment execution—Service of process—Practice, C. P.*

Where the sheriff returns service of an attachment execution by leaving a copy of the writ with an adult member of the family with which the garnishee resides, the service is sufficient to bind the garnishee, although it appears that the landlady of the garnishee upon whom the service was made is the defendant in the cause.

Objection should be made to the service of an attachment execution,

either before or concurrently with the filing of answers to the interrogatories. It is too late to make such objection after the case has been heard on its merits.

Argued March 23, 1893.  Appeal, No. 238, Jan. T., 1893, by Philip R. Muller, garnishee, from judgment of C. P. No. 3, June T., 1891, No. 429, on verdict for plaintiff, M. L. Kohler, in Kohler v. Thorn.  Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Attachment sur judgment.

The sheriff's return was as follows:

" Attached as within commanded and made known to Philip Muller, John Holmes, H. H. Sheip, William Beckley and W. H. Eastburne, garnishees, residing at Mermaid Lane and Reading Railroad, by leaving July 14, 1891, at 4.03 P. M., for each of them a true and attested copy of the within writ at their residence with an adult member of the family with whom they reside, and Anna C. Nippes, garnishee, by giving to her July 14, 1891, at 4.30 P. M., a like copy and making known to her the contents thereof, and M. L. Thorn, defendant, residing at Mermaid Lane and Reading Railroad, by leaving July 14, 1891, a like copy at her dwelling house with an adult member of the family, and nihil habent as to George Muller and George H. Fry, garnishees."

Answer of garnishee to interrogatories was as follows:

" That for several years past his place of business has been at 1037 Chestnut street, and his residence at 1927 Master street, in the city of Philadelphia.  That on June 20, 1891, he went with his family to board with M. L. Thorn, the defendant, who kept a large boarding house at Chesnut Hill.  That he contracted to pay the said M. L. Thorn $28 per week, for the board of himself and family.  That said board was paid weekly as it fell due.  That the writ of attachment was issued herein on July 14, 1891, and that the sheriff served the said writ on this garnishee by leaving a copy of the same with the defendant, M. L. Thorn, on the 14th day of July, 1891.  That this garnishee had no knowledge of an attachment being issued herein or that he was made a garnishee therein until September 3, 1891, when the defendant made that fact known to him, she up to that time having withheld the writ and all knowledge there-

of from him.   That when this garnishee first heard of the attachment herein he was not and never since has been in any way indebted to the defendant M. L. Thorn.

" That he and his family boarded with the defendant from June 20, 1891, to September 7, 1891, and that at the time this writ was served he was not indebted to the defendant, neither was she indebted to him, and that there was not at that time nor has there been since a balance in his hands in favor of the defendant.

" That from June 20, 1891, to Sept. 7, 1891, this garnishee and his family were boarding with the defendant, and paid $28 per week therefor.   And at the time the writ was alleged to have been served this garnishee was not indebted to her for board.   That since that time this garnishee has paid her weekly for said board, and that there is nothing due her on that account."

A plea in abatement was subsequently filed, setting out the facts as to service.

The court charged as follows by GORDON, J.:

" The manner in which the service was made was the way pointed out by the act of assembly, and the way all such writs are served, that is by leaving a copy of the writ at his place of residence, and the minute that was done it was a notice to him, and it was a good service.   He may suffer some hardship in this case, but it is such that he cannot be relieved from it, and is the result of the universality of the law as to the service which must be made in such cases.   You will render a verdict for $196, being the amount he owed the landlady from the time of the service until he left."

Verdict and judgment for plaintiff.   The garnishee appealed.

*Errors assigned* were, (1) above charge, quoting it; (2) refusal of a motion in arrest of judgment, and (3) in not entering judgment for plaintiff on plea in abatement.

*Joseph S. Goodbread*, for appellant, cited: Hunt v. Association, 17 W. N. 423; Iron Works v. Hutchinson, 101 Pa. 359; Northern Liberties v. Ship Building Co., 2 Cent. R. 56; Keyes v. Moorhead, 49 Leg. Int. 372; Hintermeister v. Williams, 33 Pitts. L. J. 365; Liblong v. Fire Ins. Co., 82 Pa. 416.

*M. Hampton Todd*, for appellee, cited: Benwood Iron Works
v. Hutchinson, 101 Pa. 359; Bennethum v. Bowers, 133 Pa.
332; Kleckner v. Lehigh Co., 6 Whart. 66; Lupton v. Moore,
101 Pa. 318.

PER CURIAM, April 3, 1893:

We think the learned judge of the court below properly dis-
posed of this case. The return of service is sufficient on its
face. If for any reason it should have been set aside the ap-
plication should have been made before or concurrently with
the filing of answers to the interrogatories. None was made.
The case was heard on its merits, and the judgment is now
affirmed.